UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KLA., by and through her guardians and next friends, B.L. and R.A., <br>       Petitioner <br><br> v. <br><br> WINDHAM SOUTHEAST SUPERVISORY UNION, DUMMERSTON SCHOOL DISTRICT, and BRATTLEBORO UNION HIGH SCHOOL DISTRICT, <br>       Defendants | Civil Action <br><br> Docket No. 2:06-CV-17 |

## AMENDED COMPLAINT

The petitioner, KLA, by and through her guardians and next friends, B.L. and R.A., and their attorneys Blackwood & Danon, P.C., hereby complains against the defendants, Windham Southeast Supervisory Union, Dummerston School District, and Brattleboro Union High School, as follows:

1. KLA is an eighteen year old girl who resides with her parents, B.L. and R.A., in the Town of Dummerston, County of Windham, State of Vermont. B.L. and R.A. were appointed her guardians on July 27, 2006.

2. Windham Southeast Supervisory Union is a supervisory union organized under the laws of the State of Vermont, a local educational agency under the IDEA, and a recipient of federal financial assistance for education under Section 504.

3. Dummerston School District is a municipality organized under the laws of the State of Vermont, a local educational agency under the IDEA, and a recipient of federal financial assistance for education under Section 504.

BLACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517

4. Brattleboro Union High School District is a union school district within the Windham Southeast Supervisory Union, which operates the Brattleboro Union High School, is a local educational agency under the IDEA, and is a recipient of federal financial assistance for education under Section 504.

5. This action arises under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et seq. (IDEA); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Section 504); and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA); 42 U.S.C. §§ 1983 and 1988, as well as federal regulations and the Vermont Special Education Rules implementing those laws.

**Background**

6. KLA is a special education student with a pervasive developmental disorder and mental retardation who at all times relevant to this complaint was eligible for special education services under the IDEA, Section 504, and the ADA.

7. In the fall of 2003, KLA had graduated from the Dummerston Elementary School, where she had been mainstreamed in a regular education setting. She began receiving special and regular education services in an alternative regular education program run by the defendants as part of Brattleboro Union High School and known as the "Downtown Campus."

8. Her IEP expired in November 2003, and no new IEP was developed until months after the expiration date.

9. During the IEP process, KLA's parents expressed concerns about the inadequacy of her IEP, including but not limited to the failure to include any transition needs or goals, the inadequate music education, and the failure to adequately address KLA's self-care and other skills to meet her adult goals. The school refused to adequately address the parents' concerns.

2

10. In the spring of 2004, the defendants closed the Downtown Campus program, so that a new placement for KLA had to be found.

11. Her parents proposed a placement under the defendants' Family-School Partnership to be directed by them that would include many of the elements of the Downtown Campus program, and the parties began discussing the details of that option.

12. The last IEP meeting was held in June 2004, and no placement for KLA had been decided by the end of that meeting.

13. Ten days before school began, as they had not yet heard from the defendants with a placement offer or a denial of the placement proposed by the parents, the parents notified the defendants that they would implement a unilateral placement at a program designed by the parents.

14. The defendants responded by sending the parents a new IEP, without holding an IEP meeting, which offered KLA a program in an existing, segregated, special education setting combined with a single regular education class. This placement, and particularly its suitability to meet KLA's needs, had never been discussed at an IEP meeting.

15. The teacher who was to teach the proposed regular education class had determined over the summer that the class would not be appropriate for KLA, but he was never consulted by the defendants.

16. The defendants refused to provide an alternative regular education setting that would be appropriate for KLA.

17. Because the defendants had not offered an appropriate program or placement for KLA, her parents designed a program and placement that attempted to mimic elements of the Downtown Campus program. When the defendants objected that KLA needed to be enrolled in

BLACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517

a school, her parents then set up a program through the Oak Meadow School, a private school approved by the Vermont Department of Education.

18. The parents requested that the defendants reimburse them for the costs of this placement, but the defendants refused.

**Procedural Posture**

19. In November 2004, the petitioner filed a timely request for an administrative due process proceeding, which was put on hold while the parties negotiated to try to resolve their differences. They were unable to do so, and an administrative due process hearing was held in September 2005.

20. The hearing officer ordered that the hearing be bifurcated into two issues: 1) whether the district failed to offer KLA a free appropriate public education; and 2) if so, whether the parents were entitled to reimbursement for the placement.

21. After four days of hearing, the hearing officer entered a decision in favor of the district on issue 1, finding that it was unnecessary to decide issue 2.

22. Within the time period permitted for appeal, the petitioners have filed this Complaint, and ask the court to review this matter de novo and reverse the findings of the hearing officer.

**Issues on Appeal**

23. The hearing officer erred by failing to find that the defendants had engaged in numerous procedural violations of the IDEA and that those violations impeded KLA's right to a free appropriate public education, significantly impeded the parents' opportunity to participate in the decisionmaking process, and/or would have deprived KLA of educational benefits.

24. The procedural violations include but are not limited to a) the failure to properly constitute the IEP team; b) the failure to include any regular education teacher, but specifically

BLACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517

4

the teacher whose class KLA would be attending, at meetings concerning development of KLA's IEP; c) the failure to provide prior written notice or reasons for its decisions; d) the pre-determination of KLA's placement; e) the failure to ensure adequate involvement by the parents in both program and placement decisions; f) the failure to timely develop IEP's; and g) the failure to provide a continuum of alternative placements.

25. The hearing officer erred in finding that the defendants offered KLA a free, appropriate public education for the 2004-05 school year.

26. The defendants failed to offer KLA a free, appropriate public education by their actions and inactions, including but not limited to a) failing to have a program in effect at the beginning of the fall 2004 school year; b) failing to provide KLA with an education in the least restrictive environment appropriate for her needs; c) pre-determining KLA's placement before her program was determined; d) offering KLA a regular education class that even the teacher testified was inappropriate for her; e) failing to make available a continuum of placements; f) failing to offer programming to meet KLA's unique needs, particularly in the areas of music and self-care; g) failing to focus on KLA's transition needs and adult goals; h) failing to consider KLA's progression in the general curriculum and reintegration into the regular education environment; i) failing to consider KLA's sensory needs in offering her placement; and j) failing to include any provision or planning for graduation.

27. The hearing officer erred in determining that the placement of the student in the life education program for the 2004-05 school year provided FAPE in the least restrictive environment for a number of reasons, including but not limited to: a) KLA had received instruction in a regular education environment for the previous five years; b) KLA did not require a self-contained special education placement; c) The defendants moved KLA to a more

BLACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517

restrictive environment for its own convenience, not because of her needs; and d) The construction in the surrounding high school made the location unsuitable, given KLA's sensory needs.

28. The hearing officer erred in denying the parents request for reimbursement for all of the costs of the students' 2004-05 placement.

29. The hearing officer erred by not determining that the defendants failed to provide FAPE, that the parents' placement for the 2004-05 school year was appropriate, and that the parents were entitled to reimbursement for all the costs of that program.

WHEREFORE, the petitioner requests that the Court order the following relief:

1. reverse the hearing officer's order and enter a finding that the defendants failed to provide the student with FAPE for the 2004-05 school year;

2. remand this matter to the hearing officer to determine the parents' reimbursement for the costs of the student's 2004-05 program;

3. enter a finding that the life education program at BUHS is not the least restrictive environment for the student and order the defendants to ensure a continuum of alternative placements;

4. enter a finding that the petitioner is the prevailing party;

5. award the petitioner attorney's fees, costs, and other expenses associated with the administrative process and this action; and

6. award the petitioner any other relief the Court deems appropriate.

BLACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517

6

Dated at Burlington, Vermont, this 23rd day of October, 2006.

>KLA, by and through her guardians and next friends, B.L. and R.A.
>
>BY: BLACKWOOD & DANON, P.C.
>
>By: *Eileen M. Blackwood* (signature)
>Eileen M. Blackwood, Esq.
>90 Main Street
>P. O. Box 875
>Burlington, VT 05402-0875

cc:  Patti Page, Esq.